-1-

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| ANCORA TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> NINTENDO CO., LTD., and RETRO STUDIOS, INC. <br><br> Defendants. | CIVIL NO. 6:21-CV-738-ADA |

## ORDER GRANTING LIMITED EARLY DISCOVERY

Before the Court is a discovery dispute relating to Defendant Retro Studios, Inc.'s Motion for Summary Judgment of Non-Infringement (Dkt. 22 ("Motion")). The parties submitted a joint statement to the Court regarding the dispute on November 11, 2021, and the Court heard arguments from the parties at a hearing on November 19, 2021. Having considered the arguments by the parties, the Court finds it appropriate to allow limited discovery related to the subject of the Motion prior to the opening of fact discovery on April 1, 2022 (Dkt. 24), and in addition to the technical information that Defendants will provide on December 2, 2021 in conjunction with their preliminary invalidity contentions.

IT IS THEREFORE ORDERED that, as of the date of this Order, the parties are permitted to open discovery on the following topics:

1. Retro's alleged infringement, including source code, documents, and testimony relating to:

   a.  Retro's game software and game software updates;

-2-

    b.    The functionality (*e.g.*, technological protection measures) utilized by Nintendo that interacts with, authorizes, and/or restricts Retro game software and game software updates on the accused gaming devices as alleged by Plaintiff in its Preliminary Infringement Contentions;

2. The facts recited in Retro's Motion for Summary Judgment of Non-Infringement, including in the documents, affidavits, and declarations referenced in and appended thereto (ECF No. 22; ECF No. 22-1–6, ECF No. 25, ECF No. 25-1–47);

3. Evidence of direction and control of game software updates, *see Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1023 (Fed. Cir. 2015);

4. Retro Studios' and Nintendo's roles in developing and delivering accused Retro Studios game software updates;

5. The relationship between Retro and Nintendo.

The above discovery SHALL NOT include:

1. Damages discovery (*e.g.*, relating to sales, profit, and costs of the accused products);

2. Evidence relating to invalidity, willfulness, or Retro's other affirmative defenses.

The Court further ORDERS that the above discovery and briefing schedule SHALL proceed as set forth in the below schedule:

| DATE | EVENT |
| --- | --- |
| 12/9/2021 | Fact discovery opens RE: Infringement by Retro. |
| 5/20/2022 | Close of fact discovery RE: Infringement by Retro. |
| 6/10/2022 | Opening expert reports RE: Infringement by Retro. |

| | |
|---|---|
| 7/8/2022 | Rebuttal expert reports RE: Infringement by Retro. |
| 7/29/22 | Close of expert discovery RE: Infringement by Retro. |
| 8/12/22 | Deadline for Plaintiff to file Opposition to Retro's Motion for Summary Judgment of Non-Infringement (ECF No. 22). |

SIGNED this 8th day of December, 2021.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE